*Charles E. Kutner (EDNY 8360)*
*KUTNER FRIEDRICH, LLP*
*950 Third Avenue 11ᵗʰ Floor*
*New York, NY 10022*
*(212) 308-0210*

*Counsel for Defendants: ENS Medical, P.C.,*
*Atlantic Medical Care, P.C., Northern Medical Care, P.C.,*
*Queens Medical Diagnostic P.C., East Coast Medical Care, P.C.,*
*Garden Medical Care, P.C.,., Terrace Medical Care P.C.,*
*Go Medical, P.C., and Omar Ahmed, M.D.*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x

State Farm Mutual Automobile Insurance Company   :
and State Farm Fire and Casualty Company,
Plaintiffs,   :

       *-against-*   :

ENS Medical, P.C., Atlantic Medical Care, P.C.,   :
Northern Medical Care, P.C., Queens Medical
Diagnostic P.C., East Coast Medical Care, P.C.,   :
Garden Medical Care, P.C., Town Medical Care,
P.C., Terrace Medical Care P.C., Go Medical, P.C.,   :
Omar Ahmed, M.D., Yong Chi, M.D.,
Delys Eva St. Hill, M.D., and Phyllis Gelb, M.D.,   :

       **Defendants**   :

-----------------------------------------------------------------x

**DOCKET NO: 23-cv-06937**

**ANSWER TO COMPLAINT**

The defendants Omar Ahmed, M.D. ENS Medical, P.C.,  Atlantic Medical Care, P.C.,

Northern Medical Care, P.C., Queens Medical Diagnostic P.C.,  East Coast Medical Care, P.C.,

Garden Medical Care, P.C., Terrace Medical Care P.C., Go Medical, P.C., by their attorney

KUTNER FRIEDRICH, LLP, Answering the Complaint herein states as follows upon

information and belief:

**ANSWERING THE PARAGRAPHS IN "NATURE OF THE ACTION"**

1.     The defendants neither admit nor deny the allegations in paragraph "1" of the complaint insofar as it purports to state the basis of the lawsuit but denies that the answering defendants engaged in any racketeering influenced corrupt conduct and admits that any treatment rendered to its patients including but not limited to extracorporeal shock wave therapy treatment was appropriate and recommended and administered to patients' accordance with accepted standards of good medical practice.

2.     The defendants neither admit nor deny the allegations in paragraph "2" (a), (b), (c) and (d) of the complaint insofar as such allegations describe identify various parties who Plaintiffs purport to have engaged in performing unnecessary diagnostic examinations and medical treatment  but deny that the answering defendants referred to as the "EDX Providers" and any of the other named defendants performed any medically unnecessary examinations or treatments and, furthermore, that any examinations or treatments were performed and rendered to patients in accordance with accepted standards of good medical practice and deny any that any money was fraudulently obtained from Plaintiffs.

3.     The defendants neither admit nor deny the allegations in paragraph "3" of the complaint insofar as such allegations describe what the Plaintiffs purport to be a scheme but the answering defendants deny the existence of any such scheme, and furthermore, deny any allegations of fraud and deny any allegations that the answering defendants recommended and performed any tests or treatment that were not medically indicated and that such tests and treatments were not performed in accordance with accepted standards of good medical practice.

4.     The defendants neither admit nor deny the allegations in paragraph "4" of the complaint insofar describes what the defendant purport to be a scheme but deny the existence of

any such scheme but the answering defendants deny the existence of such scheme, and furthermore, deny any allegations of fraud and deny any allegations that the answering defendants recommended and performed any tests or treatment that were not medically indicated and that such diagnostic tests and treatments were not performed in accordance with accepted standards of good medical practice.

5.     The defendants deny the allegations in paragraphs "5", "6", "7", "8", "9", "10", and "11" of the complaint.

## RESPONDING TO JURISDICTION AND VENUE

6.     The defendants neither admit nor deny the allegations in paragraph "12" of the complaint insofar as such allegations are made in order to establish the legal requirements for jurisdiction under 18 U.S.C. 1961 *et seq;* 28 U.S.C. 1367 and 28 U.S.C. §1331 but deny engaging in any racketeering influenced conduct and deny that the defendants are jointly and severally liable or that there is any merit to any other alleged claims giving rise to this court's supplemental jurisdiction under 28 U.S.C. §1332(a)[1].

7.     Defendants deny in the form alleged the allegations in paragraph "13" of the complaint except admit that their various medical practices are located within the jurisdiction of the United States District Court for the Eastern District of New York.

## RESPONDING TO "PARTIES"

8.     The defendants deny knowledge of information sufficient to form a belief as to the allegations in paragraphs "14" and "15" of the complaint.

9.     Defendants deny in the form alleged the allegation in paragraph "16" of the complaint except admit that ENS Medical, P.C. is a New York Professional Services Corporation duly organized under the Business Corporation law of the State of New York that is owned by

the defendant Omar Ahmed, M.D. and that it is engaged in performing neurological testing at various locations throughout the City of New York and that GEICO filed a lawsuit against ENS Medical and Atlantic Medical in which ENS Medical and Atlantic Medical denied any wrongdoing or that the testing performed yielded impossible findings and improper diagnoses and admits that Atlantic Medical is owned by Dr. Ahmed and that any and all tests that were performed and treatment that was rendered was done so in accordance with accepted standards of good medical practice, and that such testing and neurological examinations were appropriate and medically necessary and carried out at various locations in the City of New York.

10.     Defendants deny in the form alleged the allegations in paragraph "17" of the complaint except admit that Atlantic Medical, P.C.  is a New York Professional Services Corporation duly organized under the Business Corporation law of the State of New York that is owned by the defendant Omar Ahmed, M.D. and that it engaged in performing neurological testing at various locations throughout the City of New York and that any and all tests that were performed and treatment that was rendered was done so in accordance with accepted standards of good medical practice, and  that such testing and neurological examinations were appropriate and medically necessary and carried out at various locations in the City of New York.

11.     Defendants deny the allegations in paragraph "18" of the complaint except admit that Northern Medical P.C. is a professional services corporation operated by Omar Ahmed, M.D. and that it engaged in performing neurological testing at various locations throughout the City of New York and that any and all tests that were performed and treatment that was rendered was done so in accordance with accepted standards of good medical practice, and  that such testing and neurological examinations were appropriate and medically necessary and carried out at various locations in the City of New York.

12.     The defendants deny the allegations in paragraph "19" of the complaint.

13.     The defendants deny the allegations in paragraph "20" of the complaint except admit that Terrace Medical Care, P.C. is a New York Professional Services Corporation duly organized under the Business corporation law of the State of New York, that it is owned by Omar Ahmed, M.D. and  that it performed neurological testing at various locations throughout the City of New York and that any and all tests that were performed and treatment that was rendered was done so in accordance with accepted standards of good medical practice, and  that such testing and neurological examinations were appropriate and medically necessary and carried out at various locations in the City of New York.

14.     The defendants deny the allegations in paragraph "21" of the complaint except admit that Queens Medical Diagnostic, P.C. is a New York Professional Services Corporation duly organized under the Business Corporation law of the State of New York that it is owned by Omar Ahmed, M.D. and that it performed neurological examinations and treatment at various locations in the City of New York that were medically necessary and appropriate and were any diagnostic tests that were performed and treatment that was rendered were done so in accordance with accepted standards of good medical practice.

15.     Defendants deny in the form alleged the allegation in paragraph "22" of the complaint except admit that Queens Medical Diagnostic, P.C., Medical Evaluation Services and Billing, Inc and Medical Consulting and Management, Inc. were located at 214-29 Jamaica Avenue, Queens and that Queens Medical Diagnostic, P.C. is a professional services corporation duly organized under the Business Corporation Law of the State of New York and that it performed appropriate neurological examinations and rendered medically necessary treatment at

221-05 Jamaica Ave, Queens NY and 214-29 Jamaica Avenue, Queens, NY; that it was sued by GEICO and that it employed various medical and health care professionals

16.     Defendants deny in the form alleged the allegations in paragraph "23" of the complaint except admit that East Coast Medical, P.C. is a New York Professional Services Corporation duly organized under the Business Corporation law of the State of New York that it is owned by Omar Ahmed, M.D. and that it performed appropriate neurological examinations and rendered medically necessary treatment at various locations in the City of New York and that it was sued by GEICO.

17.     Defendants deny in the form alleged the allegations in paragraph "24" of the complaint except admit that Garden Medical Care, P.C. is a New York Professional Services Corporation duly organized under the Business Corporation law of the State of New York, that it is owned by Omar Ahmed, M.D., that it performed appropriate neurological examinations and rendered medically necessary treatment at various locations in the City of New York and that it had office lease arrangements with various other health care providers.

18.     Defendants deny in the form alleged the allegation in paragraph "25" of the complaint except admits that it is a professional services corporation duly organized under the business corporation law of the state of New York; that at various times it employed various physician assistants, nurse practitioners and technicians to provide examinations and Shock Wave treatment at various locations in the City of New York.

19.     The defendants deny knowledge of information sufficient to form a belief as to the allegations in paragraph "26" and "27" of the complaint.

20.     Defendants deny in the form alleged the allegations in paragraph "28" of the complaint except deny that Dr. Ahmed performed medically unnecessary electro-diagnostic

studies and shockwave treatments, all of which were in fact medically necessary, appropriate and within the scope of his medical training as a board certified neurologist, deny that such studies and treatment were not performed in accordance with accepted standards of good medical practice; and admits that such testing and treatment was performed on behalf of and through various professional entities legally owned and either initially filed by or purchased or assumed ownership of by Dr. Ahmed, some of which were billed to State Farm, and deny the existence of any payments of "kickbacks" or illegal referral arrangements; and denies all other allegations of wrongdoing, fraudulent conduct or attempts to deceive plaintiff for payment of fees for professional services that are rightfully owed.

21. The defendants deny knowledge of information sufficient to form a belief as to the allegations in paragraph "29" of the complaint except deny that Dr. Young Chi performed medically unnecessary and inappropriate diagnostic studies and shock wave treatments and deny that any such tests or treatments were not performed and rendered in accordance with accepted standards of good medical practice, or within the scope of his training as a board certified physiatrist, on behalf of one or more of Dr. Ahmed's professional entities, some of which were billed to State Farm, and deny knowledge or information sufficient to respond to any allegations concerning services rendered by Dr. Chi to any other professional health care entities or physicians not employed by or associated with Dr. Ahmed.

22. Defendants deny in the form alleged the allegation in paragraph "30" of the complaint except admit that De Lys Eva St. Hill, M.D. is a physician licensed to practice medicine in the State of New York, board certified in physical medicine and rehabilitation but deny that Dr. St. Hill performed medically unnecessary and inappropriate neurological examinations and electro-diagnostic tests, or that such testing was not well within the scope of

her training as a physiatrist, but admit that such testing was performed on behalf of one or more professional entities owned by Dr. Ahmed, some of which was billed to State Farm, and deny knowledge or information sufficient to respond to any allegations concerning services rendered by Dr. St. Hill to any other professional health care entities or physicians not employed by or associated with Dr. Ahmed.

23.     Defendants deny in the form alleged the allegation in paragraph "31" of the complaint except admit that Dr. Gelb is a physician licensed to practice medicine in the state of New York but deny that Dr. Gelb performed inappropriate or unnecessary testing or rendered inappropriate or unnecessary treatment including shock wave therapy to patients on behalf of one or more professional entities owned by Dr. Ahmed, some of which were billed to State Farm or that such testing and treatment was performed and rendered in a manner that deviated from accepted standards of good medical practice and deny that there was any attempt to conceal the true ownership of Town Medical Care, P.C.

**RESPONDING TO ALLEGATIONS COMMON TO ALL DEFENDANTS**

24.     The defendants admit the allegations in paragraphs "32", "33", "34", "35", "36", "37" and "38" but denies that the defendants engaged in any conduct to circumvent any laws of the State of New York or any Rules and Regulations of the NYS Department of Financial Services governing "No-Fault" Insurance reimbursement and more specifically, *N.Y. Bus. Corp. Law §§ 1503(b), 1507, 1508, 1511; N.Y. Educ. Law §§ 6507(4)(c), 6512, 6530(1), (2) & (21); 8 N.Y.C.R.R. § 29.1(b); N.Y. Penal Law § 175 et seq.; N.Y. Ltd.* Liab. Co. Law § 1201 et seq.

25.     The defendants admit the allegation in paragraphs "39", "40", "41" and "42" except deny that the defendants engaged in any conduct to directly or indirectly by any third party to offer, give, solicit, agree to pay any fee or give any other consideration to any healthcare

provider for referring patients for treatment and/or any professional medical service performed or rendered by the defendants.

26. The defendants admit the allegations in paragraph "43", "44", "45", "46", "47", "48" and "49" but denies violating any law of the State of New York or any policy provision of any automobile insurance liability policy issued by State Farm or any regulation promulgated by the New York State Department of Financial Services governing "No Fault" reimbursement.

27. Notwithstanding that defendants deny the existence of any scheme to defraud the plaintiffs, the defendants neither admit nor deny the allegations in paragraph "52" of the complaint insofar as such allegations purport to set forth the elements of what plaintiffs erroneously believe to be a scheme being carried out by the defendants in concert with various third parties and as to such claim the defendants deny that there is any scheme or plan with any other person, entity, individual, health care provider or professional services corporation to be reimbursed for medical services that they are not entitled to.

28. Notwithstanding that the defendants deny the existence of any "symbiotic" or other relationship between referring providers and the defendants, the defendants neither admit nor deny the allegations in paragraphs "53", "54" and "55" of the complaint but deny the existence of any plan, conspiracy, scheme, illegal venture, program, strategy, course of action, cabal or plot to be reimbursed for professional medical services for which they are not entitled.

29. The defendants deny knowledge or information sufficient to form a belief as to the allegations in paragraphs "56", "57" and "58" of the complaint.

30. The defendants deny the allegations in paragraph "59" of the complaint insofar as it alleges any improper office space leasing arrangement between Northern Medical and Metro Pain and, assuming Northern Medical did rent or lease office space on a per diem basis such an

arrangement is not proof of fraud nor is such a rental a violation of New York law or the regulations of the NYS Department of financial Services.

31.    The defendants deny knowledge of information sufficient to form a belief as to the allegations in paragraph "60" of the complaint.

32.    The defendants deny knowledge of information sufficient to form a belief as to the allegations in paragraph "61" of the complaint.

33.    The defendants deny knowledge of information sufficient to form a belief as to the allegations in paragraph "62" of the complaint but deny that any payments were made to Anthony DiPietro.

34.    The defendants deny knowledge of information sufficient to form a belief as to the allegations in paragraph "63", "64", "65" and "66" of the complaint.

35.    Defendants deny in the form alleged the allegation in paragraph "67" of the complaint except admit that without patients there would be no medical practice, and that arrangements were made for renting and/or leasing office space on a *per diem* basis at various locations where services were performed.

36.    Defendants deny the allegations in paragraph "68" of the complaint except admit that any office rentals and/or leases were arranged for on a *per diem* basis such as the availability of providers and the number of patients needing appointments and that providing medical testing and care at different locations is not a violation of any law or regulation implemented by the NYS Department of Financial Services.

37.    The defendants deny knowledge of information sufficient to form a belief as to the allegations in paragraph "69", "70", "71" and "72" of the complaint and deny that there is any legal basis for the conclusions of wrong doing drawn by the plaintiffs or evidence of any

fraudulent conduct or any conspiracy to commit fraud or any plan, conspiracy, scheme, illegal venture, program, strategy, course of action, cabal or plot to be reimbursed for professional medical services for which the defendants were not legally entitled.

38.     The defendants deny the allegations in paragraphs "73" of the complaint.

39.     Dr. Ahmed does not recall his deposition testimony and, therefore, cannot respond to the allegations in paragraph "74" of the complaint.

40.     Dr. Ahmed does not recall the giving the testimony referred to in paragraph "75" of the complaint but admits that he had written leases with each location at which East Coast Medica, Garden Medical and Go Medical perform examinations and shock wave therapy but does not recall the lease for 4014 Boston Road and 441 Willis Avenue, 14 Bruckner Boulevard and 60-40 82nd Street but does not deny that leases may have existed for these locations and does not deny that East Coast Medical may have been a licensee with exclusive use of the space nor does he deny that the calculations set forth in Exhibit "A" for the use of the space including fees for a receptionist and a percentage adjustment over for cost may be accurate but denies that the rental and/or licensing agreements for use of space are evidence of any fraudulent conduct or any conspiracy to commit fraud or any plan, conspiracy, scheme, illegal venture, program, strategy, course of action, cabal or plot to be reimbursed for professional medical services for which the defendants were not legally entitled.

41.     The defendants deny the allegations in paragraphs "76" of the complaint.

42.     Defendants deny in the form alleged the allegation in paragraph "77" of the complaint except admits that East Coast Medical may have rented space at 60-40 82nd Street but deny that such lease is evidence of any fraudulent conduct or any conspiracy to commit fraud or any plan, conspiracy, scheme, illegal venture, program, strategy, course of action, cabal or plot

to be reimbursed for professional medical services for which the defendants are not legally entitled.

43.    The defendants deny the allegations in paragraph "78" of the complaint.

44.    The defendants admit the allegations in paragraph "79" of the complaint but deny that the documents referred to are is evidence of any fraudulent conduct or any conspiracy to commit fraud or any plan, conspiracy, scheme, illegal venture, program, strategy, course of action, cabal or plot to be reimbursed for professional medical services for which the defendants are not legally entitled.

45.    The defendants deny the allegations in paragraphs "80", "81", "82" and "83" of the complaint.

46.    The defendants admit the allegations in paragraphs "84", "85", "86", "87", "88", "89", "90", "91", "92", "93", "94", "95", "96", "97" and "98" of the complaint, all of which violate FRCP 8(a)[2], but deny that such allegations have any relevance to plaintiffs' claims of racketeering and fraud.

47.    The defendants admit the allegations in paragraph "99", "100" and "101" of the complaint, all of which violate FRCP 8(a)[2], but deny that such allegations have any relevance to plaintiffs' claims of racketeering and fraud or evidence fraudulent conduct or any conspiracy to commit fraud or any plan, conspiracy, scheme, illegal venture, program, strategy, course of action, cabal or plot by the defendants to be reimbursed for professional medical services for which the defendants are not legally entitled.

48.    The defendants admit the allegations in paragraph "102" of the complaint with the caveat that the recommended policy referred to is at best guideline, not a standard of care and it is up to the sound medical discretion and professional judgment of the health care practitioner to

determine the number of electro-diagnostic tests that any given patient undergoes and that the number of electro-diagnostic tests given is not evidence of any fraudulent conduct or any conspiracy to commit fraud or any plan, conspiracy, scheme, illegal venture, program, strategy, course of action, cabal or plot on the part of the defendants to be reimbursed for professional medical services for which the defendants are not legally entitled.

49.     Defendants deny in the form alleged the allegation in paragraph "103" of the complaint except admit that under certain circumstances charges can based on the number of motor and sensory nerves subjected to an NCV and the number of limbs subjected to an EMG.

50.     The defendants admit the allegations in paragraphs "104" and 105".

51.     Defendants deny in the form alleged the allegation in paragraph "106" and "107" of the complaint and deny that there is any incentivization in the Fee Schedule established and incorporated by the CPT codes governing NCVs and, if there was, such changes in the fee schedule are not evidence of fraudulent conduct or any conspiracy to commit fraud or any plan, conspiracy, scheme, illegal venture, program, strategy, course of action, cabal or plot by the defendants to be reimbursed for professional medical services for which the defendants are not legally entitled.

52.     The defendants deny the allegations in paragraphs "108", "109", "110", "111", "112", 113", "114" and "115" of the complaint.

53.     Defendants deny in the form alleged the allegation in paragraph " 116" of the complaint except admit that certain examination reports conclude the existence of a causal relationship between the motor vehicle accident and the findings and that such language is not evidence of  fraudulent conduct or any conspiracy to commit fraud or any plan, conspiracy, scheme, illegal venture, program, strategy, course of action, cabal or plot by the defendants to be

reimbursed for professional medical services for which the defendants are not legally entitled nor is such language a deviation from accepted standards of good medical practice in reporting test findings.

54.     The defendants deny the allegation in paragraph "117", "118", "119", "120", "121" of the complaint.

55.     The Defendants deny in the form alleged the allegation in paragraph "122" of the complaint except admits that the number of tests performed is left to the sound discretion and medical judgment of the health care practitioner and is not evidence of fraudulent conduct or any conspiracy to commit fraud or any plan, conspiracy, scheme, illegal venture, program, strategy, course of action, cabal or plot by the defendants to be reimbursed for professional medical services for which the defendants are not legally entitled.

56.     The defendants deny the allegations in paragraphs "123", "124", "125", "126" and "127" of the complaint.

57.     Defendants deny in the form alleged the allegation in paragraph "127" of the complaint except admits that the number of tests performed is left to the sound discretion and medical judgment of the health care practitioner and is not evidence of fraudulent conduct or any conspiracy to commit fraud or any plan, conspiracy, scheme, illegal venture, program, strategy, course of action, cabal or plot by the defendants to be reimbursed for professional medical services for which the defendants are not legally entitled.

58.     The defendants deny the allegations in paragraphs "128", "129", "130", "131", "132", "133", "134" and "135" of the complaint.

59.     The defendants admit the allegation in paragraph "136" of the complaint.

60.     Defendants deny in the form alleged the allegation in paragraph "137" of the complaint except admit that Shockwave therapy is no longer experimental and is a valuable efficacious treatment modality in the armamentarium of neurology and physical medicine and rehabilitation.

61.     The defendants neither admit nor deny, the allegations in paragraph "138" of the complaint insofar is it purports to express the recommendations of the International Society for Medical Shockwave Treatment.

62.     The defendants neither admit nor deny the allegations in paragraphs "139", "140", "141", "142", "143" "144", "145", "146", "147" and "148", although they may agree or disagree, insofar as such allegations purport to express the plaintiff's understanding of Shockwave Therapy.

63.     The defendants neither admit nor deny the allegations in paragraphs "149" and "150" regarding the New York Fee schedule but may agree or disagree with some of the opinions as opposed to factual allegations, set forth therein.

64.     The defendants deny the allegations in paragraph "151" of the complaint.

65.     The defendants neither admit nor deny the allegations in paragraph "152" of the complaint except admit that a device was purchased from Tech Group, LLC and is unable to locate service logs, manuals and training materials for the use of the device.

66.     The defendants deny knowledge of information sufficient to form a belief as to the allegations in paragraphs "153", "154", "155", "156" and "157" of the complaint.

67.     The defendants deny the allegations in paragraphs "158", "159", "160", "161", and "162" of the complaint.

68.     Defendants deny in the form alleged the allegation in paragraphs "163", "164", and "165" of the complaint except admits that a history was obtained for all of the patients receiving treatment, and all treatment rendered including Shockwave Therapy conformed to accepted standards of good medical practice and that any errors in charting and record keeping are not evidence of fraudulent conduct or any conspiracy to commit fraud or any plan, conspiracy, scheme, illegal venture, program, strategy, course of action, cabal or plot by the defendants to be reimbursed for professional medical services for which the defendants are not legally entitled.

69.     The defendants deny the allegations in paragraphs "166", "167" and "168" and "169" of the complaint.

70.     Defendants deny in the form alleged the allegations in paragraph "170" and "171" of the complaint insofar as they purport to describe the RPW evaluation and Plan forms for therapy except admit that therapy is performed in conformity with accepted standards of good medical practice.

71.     The defendants deny the allegation of "improper financial arrangements" in paragraphs "172" of the complaint except admit the existence of the form described.

72.     The defendants deny in the form alleged the allegations in paragraphs "173" of the complaint except admit that Dr. Ahmed may have given the testimony described and that the allegations refer to the use of Radial Pressure Wave Therapy.

73.     The defendant denies the allegations in paragraphs "174", "175", "176" and "177" of the complaint.

74.     Defendants deny in the form alleged the allegation in paragraph "178" of the complaint except admits that Shockwave Therapy providers administered Shockwave therapy in accordance with accepted standards of good medical practice.

75.     The defendants deny the allegations in paragraphs "179", "180", "181", "182", "183", "184", "185", "186", "187", "188" and "189" of the complaint.

76.     Defendants neither admit nor deny the allegations in paragraph "190" except admits that requests for EUO's and verification were made.

77.     Defendants neither admit nor deny the allegation in paragraph "191" of the complaint insofar as it alleges the general standard under which Plaintiffs can claim a material breach of the no-fault insurance contract but denies that the defendants have materially breached the plaintiff's insurance policy.

78.     The defendants deny the allegations in paragraph "192", "193", "194", "195", and "196" of the complaint.

79.     The defendants neither admit nor deny the allegations in paragraph "197" of the complaint insofar as they purport to describe plaintiffs' understanding of TDC testing.

80.     The defendants neither admit nor deny the allegations in paragraph "198" of the complaint insofar as they purport to describe plaintiffs' understanding of the billing codes and practices for TDC testing.

81.     The defendants neither admit nor deny the allegations in paragraph "199" of the complaint insofar as they purport to describe plaintiffs' understanding emboli detection using TDC.

82.     The defendants deny the allegations in paragraphs "200", "201", "202" and "203 of the complaint.

83.    The defendants neither admit nor deny the allegations in paragraph "204" and "205" of the complaint insofar as they purport to describe plaintiffs' understanding of VNG vestibular testing.

84.    The defendants neither admit nor deny the allegations in paragraph "206" of the complaint insofar as they purport to describe plaintiffs' understanding of the billing codes and practices for VNG testing.

85.    The defendants neither admit nor deny the allegations in paragraphs "207" of the complaint insofar as they describe the plaintiffs' understanding of Computerized Dynamic Posturography (balance testing) and the appropriate billing codes for use of this modality.

86.    The defendants deny the allegations in paragraph "208", "209", 210", "211" and "212" of the complaint.

87.    The defendants deny the allegations in paragraphs "213", "214", "215" and "216" of the complaint.

88.    The defendants deny the allegations in paragraphs 217" and "218" of the complaint.

## ANSWERING THE FIRST CLAIM FOR RELIEF

89.    The defendants repeat and reiterate each and every response to the allegations in paragraphs "1" through "218" of the complaint as if set forth fully and at length hereinafter

90.    The defendants deny the allegations in paragraphs "220", "221", "222", "223", "224" and "225" of the complaint.

## ANSWERING THE SECOND CLAIM FOR RELIEF

91.    The defendants repeat and reiterate each and every response to the allegations in paragraphs "1" through "225" of the complaint as if set forth fully and at length hereinafter.

92.     The defendants deny the allegations in paragraphs "227" and "228" of the complaint.

## ANSWERING THE THIRD CLAIM FOR RELIEF

93.     The defendants repeat and reiterate each and every response to the allegations in paragraphs "1" through "228" of the complaint as if set forth fully and at length hereinafter.

94.     The defendants deny the allegations in paragraphs "230", "231", "232", "233", and "234" of the complaint.

## ANSWERING THE FOURTH CLAIM FOR RELIEF

95.      The defendants repeat and reiterate each and every response to the allegations in paragraphs "1" through "234" of the complaint as if set forth fully and at length hereinafter.

96.     The defendants deny the allegations in paragraphs "236", "237" and "238" of the complaint.

## ANSWERING THE FIFTH CLAIM FOR RELIEF

97.      The defendants repeat and reiterate each and every response to the allegations in paragraphs "1" through "238" of the complaint as if set forth fully and at length hereinafter.

98.     The defendants deny the allegations in paragraphs "240", "241", "242", "243", "244" of the complaint.

## ANSWERING THE SIXTH CLAIM FOR RELIEF

99.     The defendants repeat and reiterate each and every response to the allegations in paragraphs "1" through "244" of the complaint as if set forth fully and at length hereinafter.

100.    The defendants deny the allegations in paragraphs "246", "247", "248", "249", "250" and "251" of the complaint.

## ANSWERING THE SEVENTH CLAIM FOR REIEF

101.     The defendants repeat and reiterate each and every response to the allegations in paragraphs "1" through "251" of the complaint as if set forth fully and at length hereinafter.

102.     The defendants deny the allegations in paragraphs "253" and "254" of the complaint.

## ANSWERING THE EIGHTH CLAIM FOR RELIEF

103.     The defendants repeat and reiterate each and every response to the allegations in paragraphs "1" through "254" of the complaint as if set forth fully and at length hereinafter.

104.     The defendants deny the allegations in paragraphs "256", "257" and "260" of the complaint.

## ANSWERING THE NINTH CLAIM FOR RELIEF

105.     The defendants repeat and reiterate each and every response to the allegations in paragraphs "1" through "260" of the complaint as if set forth fully and at length hereinafter.

106.     Defendants deny in the form alleged the allegations in paragraph "262" of the complaint except admit that East Coast Medical, Garden Medical, Town Medical and Go Medical received no-fault payments for claims submitted for Shockwave treatments that were medically necessary and appropriately performed in conformity with accepted standards of good medical practice.

107.     The defendants deny the allegations in paragraphs "262", "263" and "264" of the complaint.

## ANSWERING TH TENTH CLAIM FOR RELIEF

108.     The defendants repeat and reiterate each and every response to the allegations in paragraphs "1" through "264" of the complaint as if set forth fully and at length hereinafter.

109.     The defendants deny the allegations in paragraphs "266", "267", "268", "269" and "270" of the complaint.

## ANSWERING THE ELEVENTGH CLAIM FOR RELIEF

110.     The defendants repeat and reiterate each and every response to the allegations in paragraphs "1" through "270" of the complaint as if set forth fully and at length hereinafter.

111.     The defendants deny the allegations in paragraphs "272", "273" and "274" of the complaint.

## ANSWERING THE TWELFTH CLAIM FOR RELIEF

112.     The defendants repeat and reiterate each and every response to the allegations in paragraphs "1" through "274" of the complaint as if set forth fully and at length hereinafter.

113.     The defendants deny the allegations in paragraphs "276". "277" and 278" of the complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

114.     Plaintiffs' Complaint does not establish the existence of cannot enter prise corruption or conspiracy as required under18 U.S.C. §1961.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

115.     Plaintiffs' complaint does not establish the existence of "racketeering activity" as required by 18 U.S.C. §1961.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

116.     The defendants have not engaged in a racketeering influence corrupt organization as defined under 18 U.S.C. §1961

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

117.     The defendants did not receive payments from the Plaintiffs that were obtained as a result of a racketeering activity as defined under 18 U.S.C. §1962.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

**118.**     The defendants, individually and collectively, did not collect no fault payments from the Plaintiffs as a result of a pattern of racketeering activity as defined under 18 U.S.C. §1962.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

119.     Any monies collected from the Plaintiffs in payment of no-fault claims for professional medical services provided by the defendants were not "unlawful debts" as defined in 18 U.S.C. §1962

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

120.     The Plaintiffs have not established the jurisdictional predicate in order to maintain this action under 18 U.S.C §1961 *et seq* and consequently the Court has no subject matter over this case.

## AS AND FOR SEVENTH AFFIRMATIVE DEFESE

121.     As to the First Claim for Relief, Defendants have not violated 18 U.S.C. §1962.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

122.     As to the Second Claim for Relief, Plaintiffs have failed to establish the existence of a conspiracy that has violated 18 U.S.C. §§1962 (b) or (c).

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

123. Plaintiffs cannot establish that the defendants conspired, agreed to and did act in concert pursuant to a common purpose, or plan to intentionally and knowingly make fraudulent statements of material fact to State Farm.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

124. Plaintiffs' Third Claim for Relief must be dismissed because it is duplicative of Plaintiff's Eighth Claim for relief based on Common law fraud.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

125. Plaintiffs cannot establish that the defendants aided and abetted a conspiracy by making false representations and such a claim must be dismissed because it is duplicative of plaintiffs' Eighth Claim for Relief based on common law fraud.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

126. Plaintiffs cannot establish a violation of 18 U.S.C. §1962(c) because there is no proof of any racketeering activity on the part of the defendants giving rise to the payment of an unlawful debt by the Plaintiffs.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

127. Plaintiffs cannot establish a violation of 18 U.S.C. §1962 (c) because there is no proof of any racketeering activity on the part of the defendants giving rise to the payment of an unlawful debt by the Plaintiffs.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

128. Plaintiffs' Ninth Claim for Relief must be dismissed because it is duplicative of plaintiffs' Eighth Claim for Relief based on common law fraud.

## AS AND FOR A FIFTEENTH CLAIM FOR REIEF

129.     Plaintiffs' Tenth Claim for Relief must be dismissed because it is duplicative of

plaintiffs' Eighth Claim for Relief based on common law fraud.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

130.     Plaintiffs have not established their entitlement to a declaratory judgment.

**WHEREFORE,** the Defendants demand judgment dismissing the First, Second, Third,

Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, and Eleventh Claims for Relief herein, in

their entirety, together with the costs and disbursements incurred in defense of such claims.


Dated: December 5, 2023
         New York, NY

> Yours etc.,
>
> KUTNER FRIEDRICH, LLP
>
> *Charles E. Kutner*
> CHARLES E. KUTNER (CEK 8360)
> Attorney for defendants *ENS Medical, P.C.,*
> *Atlantic Medical Care, P.C., Northern Medical*
> *Care, P.C., Queens Medical Diagnostic P.C., East*
> *Coast Medical Care, P.C., Garden Medical Care,*
> *P.C., Terrace Medical Care P.C.,  Go Medical,*
> *P.C., and Omar Ahmed, M.D.*
> 950 Third Ave. 11th Floor
> New York, NY 10022
> (212) 308-0210
> ckutneresq@gmail.com


Via Ecf:
KATTEN MUCHIN ROSENMAN, LLP
Attorneys for Plaintiffs

ZIMMERMAN LAW, PC
Attorney for Phyllis Gelb, M.D. and
Town Medical Care

**Via US Mail**:
Yong Chi, M.D.
36 Aspen Road
Kings Park, NY 11754

Delys Eva St. Hill, M.D.
23 W. 132nd St. Apt 5C
New York, NY 10037